ROBERT L. BLAND, Judge.
The claim in this case arises out of the accident for which an award was made in case No. 363-S, Mabscott Supply Company v. State Road Commission, 2 Ct. Claims (W. Va.) 349, *159 in which an opinion was filed July 28, 1944. In that case the claim was for $50.00 and the award was made for that sum. The claim was concurred in by the state road commissioner and approved by an assistant attorney general as a claim which, within the meaning of the court act, should be paid by the state. The facts disclosed by the record in that case revealed that on December 13, 1943, one Charles Hunt, an employee of the state road commission, was driving state road truck No. 1038-13, distributing cinders'on route 19-21, near Prince Hill, Raleigh county, West Virginia, when it collided with a Ford truck owned by said Mabscott Supply Company, which truck was properly parked on the side of the road, and caused damage thereto, to repair which said claimant incurred costs amounting to $80.28. The road commission truck, which ran into the private truck, was being operated, on an ice-covered road, without chains. The claimant carried insurance on its truck, but the insurance policy contained a deductable clause in the sum of $50.00. The Aetna Casualty and Surety Company, claimant in this case, which had issued the policy on the truck, paid the Mabscott Supply Company $30.28, leaving a balance of $50.00 necessary for the repair of the damaged vehicle, for which sum an award was made by the court upon an informal consideration of the record of the claim, prepared by the road commission and filed under section 17 of the court act.
In the present case claimant, Aetna Casualty and Surety Company, seeks an award for the said sum of $30.28, the amount which it was obligated to pay to Mabscott Supply Company under the provisions of the policy of insurance which it had issued in its favor. Although the facts in the Mabscott case and the facts in this case are identical, the state denies responsibility for the payment of the claim.
Claimant prosecutes its claim upon the theory of subrogation. It maintains that since it was obliged under the policy of insurance referred to to pay Mabscott Supply Company the said sum of $30.28 because of the damaged condition of its truck caused by the wrongful act of the employee of the state road commission *160 in colliding with said truck, it has the right to be reimbursed by the state for such payment.
It is well known that the doctrine of subrogation is a creature of equity. The application of the rule is intended to do justice. Under the title of subrogation in that splendid authority, American Jurisprudence, vol. 50, section 36, page 706, it is said:
"The doctrine of subrogation may be invoked in favor of persons who are legally obligated to make good a loss caused by the negligent or tortious acts of another. Indemnitors fall within this rule. By contract, express or implied, they bind themselves to save harmless the person indemnified, and where they do so by paying the loss or damage they are undoubtedly entitled to be. subrogated to the indemnitee’s rights against the person responsible. A frequent application of subrogation of this character is found in the case of insurers, as, for example, an insurer against employers’ liability. Another instance is where an employer, having become obliged to respond in damages for an injury caused solely by his employee’s negligence, is subrogated to the injured person’s right of action against the employee ...”
If the state were suable it is clear, we think, that claimant would be entitled to be subrogated to the right of Mabscott Supply Company to look to the state for the full amount incurred by it in the repair of its damaged car. Since claimant paid $30.28 of that amount it should in the exercise of equity and good conscience be subrogated to the position of the supply company.
Upon full consideration of all the facts arising upon the hearing of the instant claim, we are of the opinion that it is only right and fair that claimant should be reimbursed for the amount which it is obligated to pay and did pay for Mabscott Supply Company and accordingly an award is now made in favor of claimant, Aetna Casualty and Surety Company, for the sum of thirty dollars and twenty-eight cents ($30.28).